**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe,<br><br>          Plaintiff,<br><br>v.<br><br>Blue Cross Blue Shield Healthcare Plan of Georgia Incorporated,<br><br>          Defendant. | No. CV-24-00476-PHX-MTL<br><br>**ORDER** |

Before the Court is Defendant's Motion to Transfer Venue (Doc. 24). Plaintiff has not filed a response to the Motion and the time to do so has passed. *See* LRCiv. 7.2(c). Accordingly, the Court presumes that Plaintiff consents to the Motion. LRCiv. 7.2(i) ("[I]f the unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.")

While the Court may grant the Motion summarily, the Court will nevertheless address it on its merits. For the following reasons, the Court will grant the Motion and transfer this case to the United States District Court for the Northern District of Georgia, Atlanta Division.

**I.**

The Court takes the following facts from Plaintiff John Doe's Complaint. (Doc. 1.)

Plaintiff brings this action on behalf of his minor child, M.C., who suffers from a complex left mandibular arteriovenous malformation. (*Id.* ¶ 2.) While on vacation in

Arizona, M.C. suffered dangerous medical complications due to her condition. (*Id.* ¶¶ 3-5.) She was treated at Phoenix Children's Hospital, where doctors contacted M.C.'s "vascular anomaly team at Children's Healthcare of Atlanta – Egleston Hospital," ("Children's Healthcare"). (*Id.* ¶¶ 6-7.) The doctors at Children's Healthcare recommended a procedure, but the doctors at Phoenix Children's Hospital were not capable of performing it. (*Id.* ¶¶ 7-8.) As a result, the Phoenix Children's Hospital staff determined that M.C. required a transfer via air-ambulance to Children's Healthcare of Atlanta, where she could receive the required procedure. (*Id.* ¶¶ 8-9.)

Plaintiff and M.C.'s insurer, Anthem Blue Cross and Blue Shield ("Anthem"), pre-certified M.C.'s flight to Children's Healthcare.* Thereafter, Angel MedFlight transported M.C. (*Id.* ¶ 10.) Upon arrival at Children's Healthcare, doctors performed the contemplated procedure and saved M.C.'s life. (*Id.* ¶ 11.)

M.C.'s insurance claim was timely submitted on March 2, 2022. (*Id.* ¶ 12.) For six months, Anthem and its related entities refused to pay the claim based on a variety of rationales. (*Id.* ¶ 13.) Eventually, it issued a partial payment, explaining that it could not issue a full payment because M.C. was transported to Children's Healthcare instead of the nearest appropriate hospital. (*Id.* ¶¶ 14-15.) Angel MedFlight submitted an appeal on M.C.'s behalf, but Anthem did not change its decision. (*Id.* ¶¶ 16-17.)

As a result of these events Plaintiff alleges that, under the Employee Retirement Income Security Act of 1974 ("ERISA") § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), M.C. is entitled to an award of benefits due under the terms of the operative health plan, prejudgment interest, and reasonable attorneys' fees and costs incurred in bringing this action. (Doc. 1 ¶ 20.) Defendant moves the Court to transfer this case to the United States District Court for the Northern District of Georgia, Atlanta Division under 28 U.S.C. § 1404(a). (Doc. 24.)

**II.**

Section 1404(a) of Title 28 of the United States Code provides that, "[f]or the

---

* Anthem is a trade name of Defendant Blue Cross Blue Shield Healthcare Plan of Georgia, Inc. (Doc. 1 ¶ 21.)

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." *Id.* District courts have "discretion to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)) (internal quotation marks removed). When analyzing whether transfer is appropriate, the Court performs a two-step analysis: first, it determines "whether the case could have been brought in the forum to which the moving party seeks to transfer the case," and second, "whether the proposed transferee district is a more suitable choice of venue based upon the convenience of the parties and witnesses and the interests of justice." *R. Prasad Indus. v. Flat Irons Env't Sols. Corp.*, No. 12-CV-08261-PCT-JAT, 2017 WL 4409463, *2-3 (D. Ariz. Oct. 4, 2017) (internal quotation marks and citations removed).

### III.

### A.

In an ERISA action, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found[.]" 29 U.S.C. § 1132(e)(2). An ERISA breach takes place "where the beneficiary was to receive benefits." *Angel Jet Servs., LLC v. Red Dot Bldg. Sys.' Emp. Ben. Plan*, No. CV-09-2132-PHX-GMS, 2010 WL 481420, at *3 (D. Ariz. Feb. 8, 2010). Plaintiff concedes that he lives with M.C. in Gwinnett County, Georgia, which is in the Northern District of Georgia, Atlanta Division. (Doc. 1 ¶ 22.) M.C. would have received benefits there. *See Angel Jet Servs., LLC*, 2010 WL 481420, at *3 (finding that the plaintiff resided in Athens, Texas and would have received benefits there); *Int'l Air Med. Servs. Inc. v. Triple-S Salud Inc.*, No. CV-15-00149-PHX-DGC, 2015 WL 5158832, at *4 (D. Ariz. 2015) (finding that the plaintiff resided in Puerto Rico and would have received benefits there). Accordingly, venue is proper in that district and division and the Court will proceed to the second step of the analysis.

**B.**

In determining whether the proposed transferee district is a more suitable choice of venue, the Ninth Circuit has enumerated the following eight factors to be considered by the Court:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498-99.

Here, the first factor weighs in favor of transfer. The relevant agreement is M.C.'s insurance plan pursuant to which she, through Plaintiff, seeks payment of benefits under ERISA. Defendant avows that the agreement was negotiated and executed in Georgia. (Doc. 24 at 7; Doc. 24-1 ¶ 7.)

The second factor does not weigh for or against transfer. This Court and the Northern District of Georgia are equally familiar with ERISA actions.

The third factor weighs against transfer because Plaintiff filed this action in the District of Arizona, but only slightly so because Plaintiff is a Georgia citizen. *See Scovil v. Medtronic, Inc.*, 995 F. Supp. 2d 1082, 1099 (D. Ariz. 2014) ("[A] plaintiff's choice of forum is entitled to less deference if he is not a citizen of the forum."). Moreover, Plaintiff has failed to defend his decision to file here.

The fourth and fifth factors weigh for transfer. Both parties have significant contacts with Georgia and minimal contacts with Arizona. Both are Georgia residents. (Doc. 1 ¶¶ 21-22.) Defendant states that the plan at issue "was negotiated and executed in Georgia, is administered in Georgia, and all benefit determinations under the [p]lan were made by Anthem in Georgia, including Anthem's denial of Plaintiff's claim related to M.C.'s air ambulance transport[.]" (Doc. 24 at 9; Doc. 24-1 ¶¶ 7-8.) By contrast, Plaintiff's only contact with the forum is that M.C.'s medical emergency began here. And Defendant

has no contacts with the forum at all.

The sixth factor also weighs in favor of transfer. As stated, both parties are in Georgia. (Doc. 1 ¶¶ 21-22.) Additionally, some of Defendant's potential witnesses are in Georgia. (Doc. 24-1 ¶¶ 4, 10.) Litigating in the Northern District of Georgia, Atlanta Division will avoid potentially substantial expenses that both parties will incur if forced to litigate in this forum.

The seventh factor weighs for transfer. Defendant states that "the majority, if not all, of the witnesses who may testify regarding Anthem's administration of the [p]lan and determination of Plaintiff's benefits under the [p]lan are located in Georgia[.]" (Doc. 24 at 10.) Defendant correctly notes that these witnesses would be beyond the subpoena power of this Court. *See* Fed. R. Civ. P. 45(c)(1) ("A subpoena may command a person to attend a trial, hearing, or deposition only . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person or . . . within the state where the person resides, is employed, or regularly transacts business in person . . . .") (cleaned up).

Finally, the eighth factor weighs in favor of transfer. Defendant avows that, "to the extent discovery is needed beyond the administrative record, most witnesses or documentary evidence related to Anthem's administration of the [p]lan and determination of Plaintiff's benefits under the [p]lan are located in Georgia, not Arizona." (Doc. 24 at 11; Doc. 24-1 ¶¶ 7-10.) The sources of proof are, therefore, more easily accessed in the Northern District of Georgia, Atlanta Division.

Accordingly, the Court finds that the factors demonstrate that the Northern District of Georgia, Atlanta Division is "a more suitable choice of venue based upon the convenience of the parties and witnesses and the interests of justice." *R. Prasad Indus.*, 2017 WL 4409463, *3 (citations omitted).

. . .

. . .

. . .

. . .

## IV.

The Court finds that transfer to the Northern District of Georgia, Atlanta Division is appropriate.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Transfer Venue (Doc. 24) is **granted**.

**IT IS FURTHER ORDERED** that the Scheduling Conference set for September 11, 2024, at 9:30 a.m. is **vacated**.

**IT IS FINALLY ORDERED** that the Clerk of Court shall **transfer** this action to the United States District Court for the Northern District of Georgia, Atlanta Division for all further proceedings and close this case.

Dated this 22nd day of August, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge